SEARS, ROEBUCK & COMPANY v DETROIT FEDERAL
SAVINGS & LOAN ASSOCIATION

1. SECURED TRANSACTIONS—UNIFORM COMMERCIAL CODE—GOODS AND
   INVENTORIES—PERSONAL INVENTORY—STATUTES.

   The Uniform Commercial Code provides that goods are "inventory" if they are held by a person who holds them for sale or lease or to be furnished under contracts of service or if he has so furnished them, or if they are raw materials, work in process or materials used or consumed in a business; the principal test of whether goods are inventory is whether they are held for immediate or ultimate sale in the ordinary course of business (MCLA 440.9109[4]; MSA 19.9109[4]).

2. SECURED TRANSACTIONS—UNIFORM COMMERCIAL CODE—GOODS AND
   INVENTORIES—SALES—STATUTES.

   Classes of goods enumerated in the Uniform Commercial Code are mutually exclusive; therefore, inventory is not to be classified as equipment (MCLA 440.9109[4]; MSA 19.9109[4]).

3. SECURED TRANSACTIONS—UNIFORM COMMERCIAL CODE—CREDITORS
   —SECURITY AGREEMENTS—AFTER-ACQUIRED PROPERTY—PERFEC-
   TION OF SECURITY INTERESTS—STATUTES.

   A creditor has specific rights under the Uniform Commercial Code to secure a debt with property not owned by the debtor at the time that the parties enter into a security agreement; the code generally validates such after-acquired property interests, although they may be subjected to subsequent purchase money security interests properly perfected under another section of the code (MCLA 440.9108, 440.9204[3], 440.9312[3], 440.9312[4]; MSA 19.9108, 19.9204[3], 19.9312[3], 19.9312[4]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Secured Transactions §§ 154–156.
[3] 68 Am Jur 2d, Secured Transactions §§ 178–184.
   69 Am Jur 2d, Secured Transactions § 481.
[4] 69 Am Jur 2d, Secured Transactions § 281.
[5, 6] 69 Am Jur 2d, Secured Transactions §§ 486–488.
[6] 69 Am Jur 2d, Secured Transactions §§ 494, 495.

4. SECURED TRANSACTIONS—UNIFORM COMMERCIAL CODE—SECURITY
   AGREEMENTS—AFTER-ACQUIRED PROPERTY—NEW VALUE—STAT-
   UTES.

   Two tests must be met under the Uniform Commercial Code for
   an interest in after-acquired property to meet the claim that
   the security was taken for an antecedent debt: (1) the secured
   party must, at the inception of the transaction, have given new
   value in some form, and (2) the after-acquired property must
   come in either the ordinary course of the debtor's business or
   as an acquisition which is made under a contract of purchase
   entered into within a reasonable time after the giving of new
   value and pursuant to the security agreement (MCLA 440.9108;
   MSA 19.9108).

5. SECURED TRANSACTIONS—UNIFORM COMMERCIAL CODE—PRIORITIES
   —CONFLICTING PRIORITIES—RECORDING PRIORITIES—STATUTES.

   Conflicting priorities in secured transactions are governed by a
   section of the Uniform Commercial Code, the basic rule of
   which is that the first to file has priority (MCLA 440.9312; MSA
   19.9312).

6. SECURED TRANSACTIONS—UNIFORM COMMERCIAL CODE—PRIORITIES
   —CONFLICTING PRIORITIES—PERFECTED SECURITY INTERESTS—
   STATUTES.

   The Uniform Commercial Code provides that a purchase money
   lender with a purchase money security interest in inventory
   collateral has priority over a conflicting security interest in the
   same collateral if: (a) the purchase money security interest is
   perfected at the time the debtor receives possession of the
   collateral and (b) any secured party whose security interest is
   known to the holder of the purchase money security interest or
   who, prior to the date of the filing made by the holder of the
   purchase money security interest, had filed a financing state-
   ment covering the same items or type of inventory, has re-
   ceived notification of the purchase money security interest
   before the debtor receives possession of the collateral covered
   by the purchase money security interest and (c) such notifica-
   tion states that the person giving the notice has or expects to
   acquire a purchase money security interest in the inventory of
   the debtor, describing such inventory by item or type; a pur-
   chase money lender's priority is lost where his purchase money
   security interest is not perfected before delivery of goods to the
   debtor or where he fails to properly notify the holder of a prior
   perfected security interest (MCLA 440.9312[3]; MSA 19.9312[3]).

Appeal from Genesee, Harry B. McAra, J. Submitted June 22, 1977, at Detroit. (Docket No. 30823.) Decided October 13, 1977.

Complaint in district court by Sears, Roebuck and Company against Dale A. Hicks, Inc., Detroit Federal Savings and Loan Association, and Burton Abstract and Title Company for claim and delivery of goods and for a money judgment. Summary judgment for Sears Roebuck as to the claim and delivery of goods. Detroit Federal Savings appealed to circuit court which affirmed the district court's judgment. Detroit Federal Savings appeals by leave granted. Reversed.

*Balfour Peisner,* for plaintiff.

*Butzel, Levin, Winston & Quint* (by *Larry K. Griffis),* for defendant.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. MCDONALD,* JJ.

PER CURIAM. This case comes before this Court upon leave granted from a circuit court judgment affirming the district court's grant of summary judgment in favor of the plaintiff. The facts are not in dispute. On April 2, 1973, Dale A. Hicks, Inc., a Michigan corporation, executed a promissory note to the defendant-appellant, Detroit Federal Savings and Loan Association, in the amount of $759,000. The funds were disbursed to Hicks for the purpose of constructing and equipping a condominium project located in the City of Fenton in Genesee County. To secure payment of the amount loaned, Hicks executed a mortgage and security agreement to the defendant bank. The security

---

* Circuit judge, sitting on the Court of Appeals by assignment.

agreement granted to Detroit Federal a security interest in:

"[A]ll uninstalled materials on site and all stoves, refrigerators, dishwashers, disposals, water heaters, heating and air conditioning units, incinerators, carpeting and drapes and all other goods and articles of personal property of every kind and description now or hereafter owned or held by Mortgagor or now or hereafter located upon or used in connection with the operation of the premises and all replacements thereof or additions thereto."

This security agreement, together with a financing statement, was properly filed with the Genesee County Register of Deeds on April 4, 1973, and with the Michigan Secretary of State on April 6, 1973.

Subsequently, on January 25, 1974, Hicks signed contracts to purchase refrigerators, stoves, dishwashers, disposals, vented hoods and carpeting for the condominium project with Sears, Roebuck and Company, the plaintiff herein. Each of the contracts contained the following language, rubber-stamped in the lower left-hand corner of the second page, initialed by both parties:

"10. By signing the purchase order herein or accepting merchandise hereunder, purchaser grants to Sears, Roebuck and Company security interest in the merchandise described herein, any and all accessions thereto, and all proceeds of the sale or disposition of said merchandise and accounts receivable, therefore, to secure payment of the purchase price herein, and agrees to sign a financing statement with respect thereto."

The contracts were accepted by a sales representative on January 30, 1974, and by the credit department of Sears, Roebuck and Company on February

7, 1974. On February 14, 1974, Sears filed a financing statement with the Genesee County Register of Deeds.

The security agreements and financing statements referred to are the only agreements and statements filed by the parties with respect to the goods in question, and the parties agree that all were validly filed on the dates set forth above.

Upon the default of Hicks, Sears instituted an action for claim and delivery (Count I) and for a money judgment (Count II) in the 68th Judicial District Court against Hicks, Detroit Federal, and Burton Abstract and Title Company. With respect to Count I, both Detroit Federal and Sears filed motions for summary judgment claiming their respective security interests had priority over the other.

By an opinion dated December 23, 1974, District Judge Riker granted summary judgment in Sears' favor upon a finding that appliances and carpeting were fixtures and, thus, the question of priority was governed by MCLA 440.9313(2); MSA 19.9313(2). Judgment of possession was entered in Sears' favor on January 30, 1975.

Detroit Federal Savings and Loan appealed to the Genesee County Circuit Court contending that its security agreement covering after-acquired property had priority over Sears' purchase money security interest for failure of Sears to comply with the requirements of MCLA 440.9312(3); MSA 19.9312(3) relating to inventory collateral. The circuit judge ruled that the district court had properly relied upon the statutory provision giving priority to a security interest in fixtures over claims of persons having an interest in the real estate. He did so upon the ground that Detroit Federal's security agreement covering after-ac-

quired property was invalid for lack of value received covering after-acquired property. The circuit judge, in his opinion, stated:

"This case is controlled by Sec. 9-313(2) of the U.C.C. Detroit Federal's security interest is one and the same as the mortgage interest—both were executed at the same time and more importantly, no additional value was given or received for the 'after-acquired property' security agreement."

The basis of the trial court's decision in favor of the plaintiff is founded on two errors of law. First, that the bank had no additional value for the "after-acquired property" in that "Detroit Federal has a valid mortgage interest in other property and a security interest in the property in question * * * because no value was received covering the after-acquired property * * * ". Second, he assumed that the collateral here was other than inventory.

The code defines goods as inventory if:

"[T]hey are held by a person who holds them for sale or lease or to be furnished under contracts of service or if he has so furnished them, or if they are raw materials, work in process or materials used or consumed in a business. Inventory of a person is not to be classified as his equipment." MCLA 440.9109(4); MSA 19.9109(4).

Classes of goods enumerated in § 9109 are mutually exclusive. The principal test of whether goods are inventory is whether they are held for immediate or ultimate sale. Implicit in the definition is the criterion that the sale is in the ordinary course of business. The code implies that materials and goods consumed or used in business are inventory. Thus, we hold that the goods secured were inven-

tory within the meaning of § 9109. MCLA 440.9109(4); MSA 19.9109(4).

Sections 9108 and 9204 of the Uniform Commercial Code (MCLA 440.9108; MSA 19.9108 and MCLA 440.9204[3]; MSA 19.9204[3]) give specific rights to a creditor to secure a debt with property not owned by the debtor at the time that the parties enter into a security agreement. Article 9 of the code generally validates such after-acquired property interest, although they may be subjected to subsequent purchase money security interests properly perfected under § 9312(3) and § 9312(4).

Two tests must be met under § 9108 for an interest in after-acquired property to meet the claim that the security was taken for an antecedent debt. First, the secured party must, at the inception of the transaction, have given new value in some form. Second, the after-acquired property must come in either the ordinary course of the debtor's business or as an acquisition which is made under a contract of purchase entered into within a reasonable time after the giving of new value and pursuant to the security agreement. The purchase of inventory such as refrigerators, stoves, vents, disposals, and the like was contemplated by the defendant bank and provided for in its properly filed security agreement. The bank gave new value at the time of the original transaction and the after-acquired property came in the ordinary course of the debtor's business. Therefore, the after-acquired property clause gave the defendant bank a valid security interest in the personal property acquired by Hicks when Hicks received delivery of the property from Sears, Roebuck and Company. MCLA 440.9204(1); MSA 19.9204(1).

The bank's security interest was perfected on delivery of the goods to the debtor by its proper

filing of the security interest in after-acquired property in both. the Genesee County Register of Deeds office April 4, 1973, and with the Secretary of State on April 6, 1973. MCLA 440.9302; MSA 19.9302.

Conflicting priorities are governed by § 9312 of the Uniform Commercial Code. MCLA 440.9312; MSA 19.9312. The basic rule of this section is that the first to file has priority.

"In all cases not governed by other rules stated in this section (including cases of purchase money security interests which do not qualify for the special priorities set forth in subsections (3) and (4) of this section), priority between conflicting security interests in the same collateral shall be determined as follows:

(a) in the order of filing if both are perfected by filing regardless of which security interest attached first under section 9204(1) and whether it attached before or after filing; * * * ." MCLA 440.9312(5); MSA 19.9312(5).

The plaintiff's claim must fail because it failed to protect its purchase money security interest, although it properly perfected its rights.

The code contemplates that two parties may well loan money to the same debtor. That is what happened here. The conflict was anticipated by the draftsman of the code in providing a purchase money lender with a means to secure priority.

"A purchase money security interest in inventory collateral has priority over a conflicting security interest in the same collateral if

(a) the purchase money security interest is perfected at the time the debtor receives possession of the collateral; and

(b) any secured party whose security interest is known to the holder of the purchase money security

interest or who, prior to the date of the filing made by the holder of the purchase money security interest, had filed a financing statement covering the same items or type of inventory, has received notification of the purchase money security interest before the debtor receives possession of the collateral covered by the purchase money security interest; and

(c) such notification states that the person giving the notice has or expects to acquire a purchase money security interest in inventory of the debtor, describing such inventory by item or type." MCLA 440.9312(3); MSA 19.9312(3).

Failure of the plaintiff to perfect its purchase money security interest before delivery of the goods to the debtor and failure to properly notify the holder of a prior perfected security interest dooms plaintiff's claim to any priority under the code. *Fan-Gil Corp v American Hospital Supply Corp,* 49 Mich App 106; 211 NW2d 561 (1973), *Manufacturers Acceptance Corp v Penning's Sales, Inc,* 5 Wash App 501; 487 P2d 1053 (1971), *North Platte State Bank v Production Credit Association of North Platte,* 189 Neb 44; 200 NW2d 1; 10 UCC Rep Svc 1336 (1972).

Reversed. Costs to defendant-appellant.